UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

JANE DOE,

                Plaintiff,

– against –

BRETT KIMMEL; and NEW YORK CITY
DEPARTMENT OF EDUCATION,

                Defendants.

No. 1:24-cv-03201 (JMF)

**STIPULATION AND PROTECTIVE ORDER FOR CONFIDENTIAL INFORMATION**

**WHEREAS**, Plaintiff Jane Doe, Defendant Brett Kimmel, and Defendant New York City Department of Education ("DOE") (together, the "Parties") have agreed to produce certain documents, including without limitation confidential, proprietary, or otherwise sensitive information, documentation, or files;

**WHEREAS**, discovery in and trial of the above-captioned action may require the production and use of documents and/or other information pursuant to Rules 26, 30, 33, and 34 of the Federal Rules of Civil Procedure that contain information deemed confidential, private, or otherwise inappropriate for public disclosure;

**WHEREAS**, on June 26, 2024, the Court granted Plaintiff's motion to proceed under the pseudonym "Jane Doe" "in light of the highly sensitive and personal nature of this case." *See* ECF No. 19;

**WHEREAS**, good cause exists for the entry of a protective order, pursuant to Rule 26(c) of the Federal Rules of Civil Procedure;

**IT IS HEREBY STIPULATED AND AGREED**, by and between the attorneys for the Parties, as follows:

1. As used herein, "Action" shall mean the pending action captioned *Doe v. Kimmel*, 24-cv-03201 (JMF).

2. As used herein, the term "document" shall have the meaning set forth in Rule 34(a)(1)(A) of the Federal Rules of Civil Procedure.

3. Either party may designate documents produced in connection with this Action as "Confidential," by clear notation on the document in a manner so as not to interfere with the legibility thereof, or, only if that is not feasible, may designate such documents by title or Bates number, in a writing directed to the Receiving Party's attorneys.

4. As used herein, "Confidential Materials" shall mean medical and mental health records; financial records, including but not limited to tax records, bank records, real property records, descriptions and/or valuations of other tangible assets, and corporate or trust documents; any material containing Plaintiff Jane Doe's legal name or the names of her family members; any disclosure by a non-party that he or she have also experienced sexual abuse or a sexual assault; or other information pertaining to emotional, psychological, or interpersonal damages arising from this case. .

5. As used herein, "Personal Identifying Information" shall mean any party's address, phone number, email address, social media handle, or social security number.

6. The parties' attorneys and non-parties permitted to view Confidential Materials as outlined *infra* ¶ 10 shall not use Confidential Materials for any purpose other than for the preparation, settlement, or presentation of this Action.

7. "Producing Party" shall mean the party producing "Confidential Materials."

8. "Receiving Party" shall mean the party receiving "Confidential Materials."

9. In the event a party disagrees at any stage of these proceedings with the Producing Party's designation of Confidential Materials, the party disagreeing with the

Producing Party's designation of Confidential Materials (the "Disagreeing Party") shall notify the Producing Party of such disagreement in writing no later than 30 days prior to the close of discovery. The Parties shall first try to dispose of such disputes in good faith on an informal basis. If the dispute cannot be resolved within 30 days, the Producing Party must seek relief from the Court allowing the Producing Party to designate the materials in question as Confidential Materials. The Producing Party's failure to seek relief from the Court within 60 days of the Disagreeing Party's written notice of its disagreement about the designation shall constitute a waiver of the asserted confidentiality. The party asserting confidentiality shall bear the burden of demonstrating the propriety of the designation to the satisfaction of the Court. If the Producing Party seeks relief from the Court within the time period set forth above, until any dispute under this paragraph is resolved either informally or ruled upon by the Court, the Producing Party's initial designation shall remain in full force and effect and the information shall continue to be accorded the confidential treatment required under this Order.

10. Except with the prior written consent of the Producing Party or by Order of the Court, Confidential Materials shall not be furnished, shown, or disclosed to any person or entity except to:

    a. the Parties and personnel of the Parties engaged in assisting in the preparation of this Action for trial or other proceeding herein and who have been advised of their obligations hereunder;

    b. counsel for the Parties to this Action and their associated attorneys, paralegals, and other professional personnel (including support staff);

    c. any third-party vendor providing photocopying, data processing, or graphic production services hired by counsel to assist in discovery management and/or trial preparation;

      d. the Court and Court personnel;

      e. an officer before whom a deposition is taken, including stenographic reporters and any necessary secretarial, clerical, or other personnel of such officer;

      f. deposition or trial witnesses, to the extent reasonably necessary in connection with their potential testimony or in preparation therefor; and

      g. an expert, and members of the expert's staff, who has been retained or specifically employed by counsel in anticipation of litigation or preparation of this Action (including consulting experts).

11.    Except with the prior written consent of the Producing Party or by Order of the Court, Personal Identifying Information shall not be furnished, shown, or disclosed to any person or entity except to, and shall be designated as "Attorneys' Eyes Only" and disclosure shall be limited to counsel for the Parties to this Action and their associated attorneys, paralegals, and other professional personnel (including support staff) and any experts and members of the experts staff who have been retained by counsel regarding this action. Any document created by counsel, experts, or their respective staff shall have Personal Identifying Information redacted before showing said document to a Party.

12.    Before any disclosure is made pursuant to sections 10(f)-(g) above, the Receiving Party's attorney shall provide each such person with a copy of this Stipulation and Protective Order, and such person shall consent in writing, in the form annexed hereto as Exhibit A, to be bound by the terms of this Stipulation and Order. The signed consent shall be retained by that party's attorneys and a copy shall be furnished to the Producing Party upon request, although the name of an expert that the Receiving Party does not intend to call as a trial witness may be redacted from such consent before it is produced. Nothing in this provision shall require disclosure by a party of the identity of non-testifying experts and/or consultants.

13.  A party that seeks to file any paper that incorporates any Confidential Materials or reveals the contents thereof with the Court shall so inform the other party prior to filing. The Parties shall confer in good faith to resolve the matter as soon as is practicable; if the Parties agree to utilize redacted copies of such documents or if the Parties agree that unredacted versions of the materials may be filed publicly, no further order of the Court is necessary. Should the Parties not reach a resolution, the party asserting confidentiality (or, if both parties assert confidentiality, the party seeking to file the papers), shall move the Court within seven days of the date on which notice was provided for permission to file said papers under seal. Such material shall not be publicly filed with the Court until such application is decided. In the interim, to the extent necessary to comply with any deadlines imposed by the Court, Local Rules, or Federal Rules of Civil Procedure, the filing party who seeks to include Confidential Materials in papers to be filed in Court shall provide a complete and un-redacted version thereof directly to the judges' chambers and opposing counsel and not cause them to be publicly filed with the Court until after the motion to seal has been decided or the parties agree that the materials can be publicly filed.

14.  Deposition testimony concerning any Confidential Materials which reveals the contents of such materials shall be deemed confidential, and the transcript of such testimony, together with any exhibits referred to therein, shall be separately bound, with a cover page prominently marked "Contains confidential material." Such portion of the transcript shall be deemed to be Confidential Materials within the meaning of this Stipulation and Protective Order.

15.  Inadvertent production of any document or information that is privileged, was prepared in anticipation of litigation, or is otherwise immune from discovery shall not constitute a waiver of any privilege or of another ground for objecting to discovery with respect to that

document, or its subject matter, or the information contained therein, or of the Producing Party's right to object to the use of any such document or the information contained therein during any proceeding in this litigation or otherwise.

16. Nothing in this Stipulation and Protective Order shall preclude the Parties from using, for any purpose outside this litigation, documents they have produced, or deposition testimony they alone have designated (and no other party has designated), as "Confidential Materials."

17. Within60 days after the final termination of this litigation by settlement or exhaustion of all appeals, all Confidential Materials produced or designated and all reproductions thereof, shall be returned to the Producing Party's attorneys or destroyed (except as to privileged material which shall be destroyed). Notwithstanding anything to the contrary, the Receiving Party's attorney may retain one copy of documents constituting work product, a copy of pleadings, motion papers, discovery responses, deposition transcripts, and deposition and trial exhibits, even if such materials contain Confidential Materials, so long as appropriate safeguards are imposed to prevent the use of the Confidential Materials for any purpose. Any such copies that contain or constitute Confidential Materials remain subject to this Stipulation and Protective Order.

18. This Stipulation and Protective Order will survive the termination of the litigation and will continue to be binding upon all persons to whom Confidential Materials are produced or disclosed. All documents or information that have been marked confidential pursuant to this Stipulation and Protective Order, including all copies and non-conforming copies thereof, shall remain confidential for all time.

19. This Stipulation and Protective Order shall be binding upon the parties immediately upon signature and shall be submitted to the Court for entry as an Order.

20.     This Stipulation may be executed in counterparts, which together shall constitute one agreement, and execution by facsimile shall be deemed proper execution of this Stipulation.

Dated: January 28, 2025
New York, New York

EMERY CELLI BRINCKERHOFF
ABADY WARD & MAAZEL LLP

By: _____
Julia P. Kuan
Sydney Zazzaro
600 Fifth Avenue, 10th Floor
New York, NY 10020
(212) 763-5000

*Attorneys for Plaintiff*

NEW YORK CITY LAW DEPARTMENT

By: _____
Richard Campisi
305 Madison Avenue
New York, NY 10165
(212) 922-1080

*Attorneys for Defendant New York City Department of Education*

BUSHELL, SOVAK, KANE & SASH LLP

By: _____
Alan E. Sash
274 Madison Avenue, Suite 1500
New York, New York 10016
(212) 949-4700

*Attorneys for Defendant Brett Kimmel*

SO ORDERED:

_____
HON. JESSE M. FURMAN, U.S.D.J.
January 29, 2025

This stipulation binds the parties to treat as confidential the documents so classified. This Court, however, has not reviewed the documents referenced herein; therefore, by so ordering this stipulation, the Court makes no finding as to whether the documents are confidential. That finding will be made, if ever, upon a document-by-document review pursuant to the procedures set forth in the Court's Individual Rules and Practices and subject to the presumption in favor of public access to "judicial documents." *See generally Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110, 119-20 (2d Cir. 2006). To that end, the Court does not "so order" any provision to the extent that it purports to authorize the parties to file documents under seal without a prior court order. S*ee New York ex rel. Khurana v. Spherion Corp.*, No. 15-CV-6605 (JMF), 2019 WL 3294170 (S.D.N.Y. July 19, 2019).

## **EXHIBIT A**

The undersigned hereby acknowledges that he/she has read the Stipulation and Protective Order Regarding Confidential Information entered in the United States District Court for the Southern District of New York in the action entitled *Doe v. Kimmel*, No. 24-cv-03201 (JMF), and understands the terms thereof. The undersigned agrees to be bound by the terms of the Stipulation.

_____          _____
Date                                                                  Signature

                                                              _____
                                                              Print Name

                                                              _____
                                                              Occupation